## City of Bloomington v. Illinois Central R. R. Co.

49  129
154s 539

1. *Railroad Companies—Duty to Maintain Sidewalks, etc.*—The duty of a railroad company to maintain a sidewalk, etc., is predicated upon Par. 71, Ch. 114, S. & C. Stat. 1937, providing that at all railroad crossings of highways and streets, railroad corporations shall construct and maintain crossings, and the approaches thereto within their respective rights of way, so that at all times they shall be safe to persons and property. and is limited to the crossing, and the approach thereto within the right of way. There is no obligation imposed upon it to build and maintain a sidewalk beyond the approach to the crossing. The qualifying words, "witl in their right of way," do not require it to do more than make the crossing, and the approach, but if, by reason of the situation, the approach necessarily extends to the limit of the right of way, it must, to that extent, be built by the company.

2. *Railroad Companies.—Liability for Accidents, etc., Confined to Right of Way.—Pleading.*—In a declaration against a railroad for damages, sustained by a city, by reason of a judgment having been recovered against it, for injuries resulting from a defective sidewalk, it was charged that the defect in the sidewalk was within the right of way of the company. In an additional count, the declaration in the suit of the person who recovered the judgment against the city, was set out *in haec verba*, in which was designated the point where he was injured, in the same way, and it was then averred by the city that said walk, upon which said person so received his said injuries, was a crossing, constructed by the company for the use of foot passengers walking on the street, to cross its right of way, and was the crossing and approach thereto, of said street in said city, and over said railroad, and that it was then and there the duty of the defendant railroad company to construct and maintain said crossing. *It was held* that the declaration did not show a failure by the company to maintain the crossing, and the approach thereto, but merely to maintain a good sidewalk within the right of way, and construing the plea most strongly against the pleader, the point where the injury occurred was not on the crossing or the approach thereto. It failed to show a neglect of duty on the part of the company, and a demurrer was properly sustained thereto.

**Memorandum.**—Action of trespass on the case. Appeal from a judgment for plaintiff, rendered by the Circuit Court of McLean County; the

Hon. THOMAS F. TIPTON, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed June 5, 1893.

APPELLANT'S BRIEF, JACOB P. LINDLEY, ATTORNEY, J. H. ROWELL AND SAIN WELTY, OF COUNSEL.

"The requirements embodied in section 8, requiring railroad companies to construct and maintain the highway and street crossings, and the approaches thereto, within their respective rights of way, is nothing more than a police regulation. It is proper that the portion of the street or highway which is within the limits of the railroad right of way, should be constructed by the railroad company, and maintained by it, because of the danger attending the operation of its road. Section 8 recites that the railroad company shall 'construct and maintain' the crossings, so that at all times they shall be safe, as to persons and property. Safety of persons and property is the object of the requirement." Chicago & N. W. Ry. Co. v. City of Chicago, 29 N. E. Rep. 1109.

In this State, as between it and the public, it is the duty of the city to maintain the sidewalks in a safe condition, and for neglect to use reasonable diligence in this behalf, it must respond in damages to a party injured, and this is the law for the whole street, whether at a railway crossing, or at any other point. City of Joliet v. Verley, 35 Ill. 58; City of Champaign v. McInnis, 26 Ill. App. 338; Village of Mansfield v. Moore, 124 Ill. 133; City of Chicago v. Gallagher, Admr., 44 Ill. 295.

A judgment having been recovered against the city, it can not demand to be reimbursed by the railroad company.

In Gridley v. City of Bloomington, 68 Ill. 47, the court say: "Although the city is primarily liable for the damages sustained, we have no doubt of right to recover back the amount from the person whose duty it was to keep the premises in repair."

In Severin et al. v. Eddy, 52 Ill. 189, the syllabus makes a *resume* of the decision, as follows: "If an individual construct a hatchway in a sidewalk, he must respond for any

damages resulting from his neglect to render it safe, and free from danger. It is also the duty of the city to keep the street and sidewalk in a safe condition, and it will be liable for injury occasioned by its neglect of duty in that respect. But should a recovery be had against the city in such case, the person whose neglect of duty caused the injury, will be liable over to the city therefor." See City of Bloomington v. Roush, 13 Brad. 339.

If a municipal corporation be held liable for damages sustained in consequence of the unsafe condition of the sidewalk or streets, it has a remedy over against the person by whose wrongful act or conduct the sidewalk was rendered unsafe, unless the corporation was itself a wrong-doer, as between itself and the author of the nuisance. Dillon on Municipal Corporation, Vol. 2, Sec. 1035.

APPELLEE'S BRIEF, WILLIAMS & CAPEN, ATTORNEYS.

A city is primarily liable for damages to persons by reason of negligence in keeping the streets and sidewalks upon such streets in reasonable repair.

The fee of the streets being in the city, the burden is placed by law upon the city to keep them and the sidewalks upon them in proper repair. Chicago v. Keefe, 114 Ill. 222; Bloomington v. Bay, 42 Ill. 503; Mansfield v. Moore, 124 Ill. 133; Joliet v. Verley, 35 Ill. 58; Flora v. Naney, 136 Ill. 45; Id. v. Id. 31 Ill. App. 493; C., B. & Q. R. R. Co. v. Quincy, 28 N. E. Rep. 830; Champaign v. McInnis, 26 Ill. App. 338; Carterville v. Cook, 29 Ill. App. 495.

The city can not neglect its duty until some one sustains personal injuries by reason thereof and then compel the property owner to pay the amount recovered for such injuries. Gridley v. Bloomington, 88 Ill. 554; Rochester v. Campbell, 123 N. Y. 405; Raymond v. Sheboygan, 76 Wis. 335; Fuller v. Jackson, 46 N. W. Rep. 721; Wickwire v. Town of Angola (Ind.), 30 N. E. Rep. 917; St. Louis v. Conn. Mut. Life Ins. Co. (Mo.), 17 S. W. Rep. 637; Heeney v. Sprague, 11 R. I. 456; 2 Shearm. & Redf. on Neg., Sec. 343.

A judgment against one wrong-doer can not fix the liability of a second wrong-doer, in the absence of sufficient notice to appear and defend in the name of the party against whom the original judgment is sought. Port Jervis v. First National Bank, 96 N. Y. 550.

Even where two joint tort feasors are *in pari delicto*, one can not compel contribution from the other. Rend v. Chicago West Division Ry. Co., 8 Brad. 517; Cooley on Torts, 149.

OPINION OF THE COURT, WALL, J.

The appellant city brought its action on the case against the appellee railroad company, alleging that it had been compelled to pay certain damages recovered against it by one Tustison, who had sustained a personal injury by reason of the defective condition of the sidewalk, on a street in said city, at a point where the said street crossed the right of way of said railroad company; that it was the duty of said railroad company to keep said sidewalk in good repair, and that in the action brought by said Tustison against the city the railroad company was originally a party, co-defendant with the city, but that on the trial of that cause the plaintiff therein dismissed the said railroad company therefrom, whereupon the city notified the company to appear and defend the action, and that it would be held by the city responsible for any judgment that might be recovered therein, but the company declined to appear or defend the cause further, and although the city continued its defense, the plaintiff recovered, and in the present action the city sought to recover over from the railroad company.

The Circuit Court sustained a demurrer to the declaration, and the question now is whether a good cause of action was disclosed.

The duty of the railroad company to maintain the sidewalk referred to, is predicated upon the following enactment, Par. 71, Ch. 114, S. & C. Stat. p. 1937:

"Hereafter at all railroad crossings of highways and streets in this State, the several railroad corporations in

this State shall construct and maintain said crossings, and the approaches thereto within their respective rights of way, so that at all times they shall be safe to persons and property."

It will be observed that the duty of the railroad company here prescribed, is limited to the crossings and approach thereto within the right of way. There is no obligation to build and maintain a sidewalk beyond the approach to the crossing. The qualifying words, "within their right of way," do not require the company to do more than make the crossing and the approach, but if by reason of the situation, the approach extends to the limit of the right of way, it must, to that extent, be built by the company.

The term "approach," means a structure of some sort necessary to reach the railroad track from the common surface. It does not signify an ordinary sidewalk. It may be an embankment, or a bridge, or whatever is required for the purpose, at the particular place.

In the first, second and third counts of the declaration, it is charged that the defect in the sidewalk was within the right of way of the railroad company and west of its tracks. In an additional count, the declaration filed by Tustison against the city was set out *in haec verba*, in which he designated the point where he was injured in precisely the same way, viz., on the right of way, west of the tracks; and it was then averred by the city " that said walk upon which Tustison so received his said injuries, was a crossing constructed by the said Illinois Central Railroad Company for the use of foot passengers walking on Jefferson street to cross its right of way, and was the crossing and approach thereto of said Jefferson street, in said city, over said railroad, and it was then and there the duty of said defendant railroad company to construct and maintain said crossing, which was within its said right of way, so that at all times it would be safe to persons using the said crossing. And the said crossing is the sidewalk in said declaration complained of."

The first, second and third counts did not show a failure

by the railroad company to maintain the railroad crossing and the approach thereto, but merely to maintain a good sidewalk within the right of way; and construing the averment most strongly against the pleader, the point where the injury occurred was not on the crossing or the approach thereto. So, also, was the averment in Tustison's declaration set out in the additional count—but in this count an effort was made to aid the statement of the place where the injury occurred by a further averment.

Conceding for the present that this is admissible, yet we think the additional averment does not really help the plaintiff, for it appears that the walk which is called a crossing, was for the use of foot passengers walking on Jefferson street to cross the right of way, and by the rule of construction above stated, it does not appear that the defect was at a point where the railroad company was bound to provide a crossing over the track or the approach thereto. It is not enough to aver that the walk was for the purpose of crossing the right of way.

While the company must provide a crossing over its railroad track, it is not required to provide a crossing over the right of way in the shape of a sidewalk, or otherwise, unless it is necessary to do so in order to make a suitable approach to the crossing over the track.

The statute has been upheld by the Supreme Court as a valid exercise of the police power. C. & N. W. Ry. Co. v. The City of Chicago, 140 Ill. 309.

It applies by its terms as well to the case of a railroad built across a street, the street being first located, as to the case of a street opened across a railroad, the railroad being first located.

In the former case, as was held in The People, etc. v. C. & A. R. R. Co., 67 Ill. 118, the company would be bound at the common law to furnish the public a suitable crossing, but in the latter case there would be no such duty were it not for the statute.

By the provision of a section subsequent to that above quoted, the company may be required to reimburse the city for making necessary repairs, etc., after notice given, and

also be fined in the sum of $100 for neglect to comply with the requirement of the first section.

Here, then, is a statute enacted under the police power of the State, prescribing a new duty and fixing a penalty for non-performance.

The rule that a penal statute or one in derogation of common right must be strictly construed, as now applied, means that courts will not extend the punishment to cases not clearly within the statute, yet the evident intention of the legislature will not be defeated by a forced and over strict construction. Sedgewick on Stat. & Const'l Law, 282. The duty imposed by this provision should not be extended beyond the plain meaning of the language employed.

Had it been designed to compel the railroad company to construct an ordinary sidewalk across its right of way at a point where it had not disturbed the surface by making its road, and where an unusual structure called an " approach " was not required to reach the crossing of the road, very different terms would have been used.

We hold, therefore, that the declaration failed to show a neglect of duty on the part of the defendant, and for this reason the demurrer was properly sustained.

In this view of the case it is unnecessary to inquire whether the company would in any event be liable for the amount of damages recovered by the injured party from the city, or whether its full liability is measured by the remedy and penalty provided for in the statute, nor to discuss the conditions necessary in any case to enable the city to recover over from one whose unlawful act or negligence has caused an injury for which the city has been compelled to pay damages.

The judgment will be affirmed.